# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------------------------------X
JESSICA R. COWLE                                    Index No.

                           Plaintiff,
                                                    <u>COMPLAINT</u>
-against-

U.S. DEPARTMENT OF EDUCATION

                           Defendant.
-----------------------------------------------------------------------X

Plaintiff, Jessica R. Cowle, by and through her attorney, The Law Office of Rick S. Cowle P.C. as and for a complaint against the Defendant, U.S. Department of Education, alleges that at all times hereafter mentioned:

1. The Plaintiff, Jessica R, Cowle (hereafter "Plaintiff" or "Jessica") is an individual and, at all times hereafter mentioned, was and is a resident of the County of Putnam, State of New York.

2. Upon information and belief, the above-captioned Defendant, U.S. Department of Education is a cabinet-level department of the United States Government founded in 1979 by President Jimmy Carter, has an office at 400 Maryland Avenue, SW, Washington DC, 20202 and at all times hereafter mentioned was and still is a government entity with authority to do business in the State of New York.

3. In order to pay for her Master's Program at Manhattanville College, on September 27, 2018 the Plaintiff entered into a Master Promissory Note with the Defendant identified as ID# ▅▅▅▅▅▅▅▅▅▅▅▅▅ and with her Social Security number ending in 5769; which

consisted of a Direct Subsidized Loan in the amount of $15,976.81 and a Direct Unsubsidized Loan in the amount of $15,307.21 under the William D. Ford Federal Direct Loan Program.

4. The Plaintiff signed up for a Master's of Science in Marketing Communications Management from the School of Business at Manhattanville College and began her studies in that program in the Fall of 2018.

5. The Plaintiff had committed herself to the subject Student Loans based upon her goal of obtaining a degree from the School of Business at Manhattanville College.

6. However, after being in and committed to the program for over a year, in mid-2019, Manhattanville College unilaterally (without cause or explanation) rebranded their School of Business to the School of Professional Studies.

7. When the rebranding took place, the Plaintiff had almost completed the program and had committed herself to the subject loans, leaving her no choice other than to accept a degree for which she had not signed up.

8. The Plaintiff was never told why the School of Business was disbanded and it seemed to her that the degree she was forced to accept was not as prestigious, and may be considered inferior to the one she signed up for and borrowed the subject monies from the Defendant to pay for.

9. Manhattanville College had also falsely promised the Plaintiff at the onset of her Master's Program that she would be a Graduate Assistant working thirty hours per week with a discount on her tuition.

10. However, subsequent to committing herself to the subject Student Loans, Manhattanville College reneged on their Graduate Assistant offer and the Plaintiff was saddled with even more debt than anticipated.

11. Once Covid hit, the Plaintiff was forced to then attend sub-par classes in a remote setting in the School of Professional Studies rather than the School of Business.

12. Subsequent to graduation, in 2020, there were government freezes for Student Loans as a result of Covid so payments on the Plaintiff's loan were put on hold.

13. Upon the termination of the said Covid forbearance period, the Plaintiff began to make monthly payments upon the subject loans in the amount of $338.00 per month.

14. However, in November 2023, the Plaintiff's partner of five years with whom she was sharing both an apartment and living expenses suddenly moved to another state leaving the Plaintiff with a huge financial deficit.

15. The Plaintiff is employed as a technical recruiter II - a job which does not require or utilize the degree that the Plaintiff was ultimately awarded.

3

16. The Plaintiff's company, Logic Works, was taken over by a large company called Cox Communications in 2003.

17. As a result of this take-over, the Plaintiff was laid off in the Fall of 2023 but was then re-hired for less money and less benefits.

18. As a result, the Plaintiff takes home approximately $4,030.00 per month from her job but has approximately $5,347.00 in monthly expenses including the $388.00 Student Loan payment.

19. This leaves the Plaintiff with a monthly deficit of approximately $1,316.00 which required her to seek assistance from family members in order to manage her expenses and pay her rent.

20. As a result, the subject Student Loan payment of $338.00 is considered unaffordable and a financial burden upon the Plaintiff.

## ARGUMENT

### FIRST CAUSE OF ACTION

I. **FIRST CAUSE OF ACTION BY THE PLAINTIFF JESSICA R. COWLE AS AGAINST THE DEFENDANT U.S. DEPARTMENT OF EDUCATION TO FORGIVE THE PLAINTIFF'S STUDENT LOANS BASED UPON THE MISCONDUCT AND MISLEADING ACTIONS BY THE PLAINTIFF'S SCHOOL MANHATTANVILLE COLLEGE**

**A. THE LOANS IN QUESTION WERE BASED UPON A DIFFERENT DEGREE THAN THE PLAINTIFF WAS AWARDED**

21. The Plaintiff repeats, reiterates and re-alleges the allegations set forth in

4

paragraphs one through twenty.

22. The Plaintiff signed up for a Master's of Science in Marketing Communications Management from the School of Business at Manhattanville College and began her studies in that program in the Fall of 2018.

23. The Plaintiff had committed herself to the subject Student Loans based upon her goal of obtaining a degree from the School of Business at Manhattanville College.

24. However, after being committed to the program for over a year in mid-2019, Manhattanville College unilaterally (without cause or explanation) rebranded their School of Business to the School of Professional Studies.

25. When the rebranding took place, the Plaintiff had almost completed the program, had committed herself to the subject loans leaving no choice other than to accept a degree that she had not signed up for.

26. The Plaintiff was never told why the School of Business was disbanded and it seemed to her that the degree she was forced to accept was not as prestigious and may be considered inferior to the one she signed up for and borrowed the subject monies from the Defendant to pay for.

27. Once Covid hit, the Plaintiff was forced to then attend sub-par classes in a remote setting in the School of Professional Studies rather than the School of Business.

28. The Plaintiff is now employed as a technical recruiter II - a job which does not require or utilize the degree that the Plaintiff was ultimately awarded and utilized the subject loan proceeds for.

29. Based upon Manhattanville's untruthful, misleading statements which convinced the Plaintiff to enroll in a program that was set to be discontinued along with the school's failure to perform its obligations under contract, the subject loans should be discharged.

## B. THE SUBJECT STUDENT LOANS ARE EXCESSIVE OWING TO THE PLAINTIFF'S SCHOOL'S FALSE PROMISES OF A TUITION DISCOUNT

30. Manhattanville College had also falsely promised the Plaintiff at the onset of her Master's Program that she would be a Graduate Assistant working thirty hours per week with a discount on her tuition.

31. However, subsequent to committing herself to the subject Student Loans, Manhattanville College reneged on their Graduate Assistant offer and the Plaintiff was saddled with even more debt than anticipated.

32. Based upon Manhattanville's untruthful, misleading statements which convinced the Plaintiff to enroll in a program falsely believing that she would receive a Graduate Assistant tuition discount, the subject loans should be discharged.

33. For these reasons, the Plaintiff's loans should be fully discharged under *inter alia* 34 C.F.R. Section 685.401(a)

## SECOND CAUSE OF ACTION

### SECOND CAUSE OF ACTION BY THE PLAINTIFF JESSICA R. COWLE AS AGAINST THE DEFENDANT U.S. DEPARTMENT OF EDUCATION TO FORGIVE THE PLAINTIFF'S STUDENT LOANS BASED UPON UNDUE HARDSHIP AND VIOLATION OF THE FRESH START DOCTRINE

34. The Plaintiff repeats, reiterates and re-alleges the allegations set forth in paragraphs one through thirty-three.

35. Notwithstanding the foregoing, if the above loans are found to be qualified educational loans, it would be an undue hardship on the Plaintiff to repay the outstanding loans.

36. U.S.C. § 523(a)(8), provides, in pertinent part, that a discharge under § 727 does not discharge an individual from any debt for student loans, "unless excepting such debt from discharge under this paragraph would impose an undue hardship on a party or their dependents."

37. The Plaintiff is indebted to the Defendant in the approximate sum of thirty-one thousand dollars ($31,000.00) for the subject loans made by the Defendant to the Plaintiff.

38. In November 2023, the Plaintiff's partner of five years with whom she was sharing both an apartment and living expenses suddenly moved to another state leaving the Plaintiff with a huge financial deficit.

39. The Plaintiff's company, Logic Works, was taken over by a large company called Cox Communications in 2003.

40. As a result of this take-over, the Plaintiff was laid off in the Fall of 2023 but was then re-hired for less money and less benefits.

41. As a result, the Plaintiff takes home approximately $4,030.00 per month from her job, but has approximately $5,347.00 in monthly expenses including the $388.00 Student Loan payment.

42. This leaves the Plaintiff with a monthly deficit of approximately $1,316.00 which required her to seek assistance from family members in order to manage her expenses and pay her rent.

43. As a result, the subject Student Loan payment of $338.00 is considered unaffordable and a financial burden upon the Plaintiff.

44. Requiring the Plaintiff to repay the subject student loan debt will impose an undue

8

hardship on her as contemplated under 11 U.S.C. § 523(a)(8).

45. The Plaintiff is not able to afford her monthly payments on the subject loans.

46. Further, the Plaintiff Jessica Cowle's financial state is deemed insolvent.

47. Carrying this insurmountable student loan debt may result in forcing the Plaintiff to seek bankruptcy protection if relief is not given to her by the Defendant.

48. Carrying this amount of debt will prevent the Plaintiff from maintaining a minimum standard of living or obtaining a fresh start.

49. Further, the Plaintiff has made a good faith effort to repay the loans despite her economic condition.

50. Therefore, it is requested that the loans sought in the above-captioned complaint be deemed satisfied.

### THIRD CAUSE OF ACTION

**THIRD CAUSE OF ACTION BY THE PLAINTIFF JESSICA R. COWLE AS AGAINST THE DEFENDANT U.S. DEPARTMENT OF EDUCATION TO FORGIVE THE PLAINTIFF'S STUDENT LOANS BASED UPON THE MISCONDUCT AND MISLEADING ACTIONS BY THE PLAINTIFF'S SCHOOL MANHATTANVILLE COLLEGE ALONG WITH THE U.S. DEPARTMENT OF EDUCATION WHICH RESULTED IN FRAUDULANT INDUCEMENT**

9

51. The Plaintiff repeats, reiterates and re-alleges the allegations set forth in paragraphs one through fifty.

52. The Defendant U.S. Department of Education is a sophisticated lender and Manhattanville College is a sophisticated educational institution, yet the Plaintiff Jessica Cowle was a young graduate student with limited knowledge or experience with finances when the subject loans were taken out.

53. Plaintiff Jessica Cowle was vulnerable and was under duress to accept the loans and start her master's program when the loans were taken out.

54. The Defendant, along with their agent Manhattanville College, induced the Plaintiff to accept loans under false pretenses which were inflated by a significant amount making it impossible for the Plaintiff to repay the loans.

55. The Defendant, along with their agent Manhattanville College, fraudulently induced the Plaintiff to take on unnecessary debt which it knew the Plaintiff could not afford.

56. As a result of Defendant and their agent's actions, the Plaintiff may be forced into bankruptcy.

57. Wherefore, the subject Student Loans should be forgiven and the Defendant, along with their agent Manhattanville College, should pay punitive and actual damages to the Plaintiff in the amount of $125,000.00.

**WHEREFORE**, the Plaintiff demands judgment as follows:

(a) On the first Cause of Action, the Plaintiff Jessica R. Cowle demands that a declaratory judgment be granted deeming the loans fully discharged under, *inter alia,* 34 C.F.R. Section 685.401(a)

(b) On the second Cause of Action, the Plaintiff Jessica R. Cowle demands that a declaratory judgment be granted deeming the loans fully discharged under, *inter alia,* 34 C.F.R. Section 685.401(a) and 11 U.S.C. § 523(a)(8).

(c) On the third Cause of Action, the Plaintiff Jessica R. Cowle demands a that judgment be entered deeming the subject student loans sought in the above-captioned complaint satisfied, and the Defendant U.S. Department of Education should pay punitive and actual damages to the Plaintiff in the amount of $125,000.00.

(d) Granting attorney's fees, disbursements and such other relief as the Court deems just and proper.

Dated: Carmel, New York
       February 1, 2024

                                    THE LAW OFFICE OF RICK S. COWLE PC

                                    _____
                                    Rick S. Cowle, Esq.
                                    *Attorney for the Plaintiff*
                                    *Jessica R. Cowle*
                                    18 Fair Street
                                    Carmel, New York 10512
                                    Telephone No. (845) 225-3026

To: US Department of Education
     400 Maryland Avenue SW
     Washington, DC 20202